UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INK CORPORATION,

        Plaintiff,

                                Case No.  19-CV-11286
vs.                                HON.  GEORGE CARAM STEEH

RICARDO COPELAND,

        Defendant.
_____/

ORDER DENYING WITHOUT PREJUDICE
<u>PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (Doc. 4)</u>

      This is a trademark infringement action arising out of Plaintiff Ink

Corporation's trademark for I ♥ DETROIT.  Now before the Court is

Plaintiff's *ex parte* motion for alternative service which shall be denied

without prejudice.

      Plaintiff attempted to personally serve Defendant Ricardo Copeland

at the address listed on Defendant's Trademark Registration, which is 1001

Woodward Avenue, Suite 500, Detroit, Michigan 48226.  When attempting

service at that location, the process server was informed that Defendant

has not been there for months.  The process server then found that

Defendant's current residential address is 16481 E. Ten Mile Road, #8,

Eastpointe, Michigan 48021.  According to the process server's affidavit, he

attempted service at that location twice: on May 22, 2019 at 8:23 p.m., he spoke to a white male who told him the Defendant was not in, and again on May 26, 2019 at 3:45 p.m. when there was no answer.  (Doc. 4-5). Although Plaintiff attempted to serve Defendant by certified mail at the address listed on Defendant's Trademark Registration, Plaintiff did not attempt to serve Defendant at his current residential address by registered or certified mail.

Plaintiff seeks leave for alternative service by the following means: (1) by regular and certified mail to Defendant's current residential address, (2) by email to [thedetroitstore@gmail.com](mailto:thedetroitstore@gmail.com), and (3) by posting at Defendant's current residential address.

Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court sits. Fed. R. Civ. P. 4(e)(1).  Under Michigan law, alternative service may only be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise.  Mich. Ct. R. 2.105(I)(1).  Under the normal rules, service may be made by registered or certified mail.  Mich. Ct. R. 2.105(A)(2).  Plaintiff does not claim to have sent a summons and copy of the complaint by registered or certified mail to Defendant at his residential address as provided pursuant to Mich. Ct. R. 2.105(A)(2).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 410 Mich. 144, 159 (1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 168. Here, Plaintiff has not demonstrated that service cannot be made as provided for under the Michigan Court Rules, as Plaintiff has not attempted to serve Defendant by certified mail at his residential address, and has only attempted to personally serve him there twice, and one of those times there was no answer, likely because no one was home. The affidavit of the process server does not contain any allegations that Defendant was home and evading service of process. Under these circumstances, Plaintiff's motion for alternative service (Doc. 4) is premature, and is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: June 25, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 25, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk