UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INK CORPORATION,

      Plaintiff,

vs.

      Case No. 19-CV-11286
      HON. GEORGE CARAM STEEH

RICARDO COPELAND,

      Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE AND EXTENDING TIME FOR SERVICE (Doc. 6)

      This is a trademark infringement action arising out of Plaintiff Ink Corporation's trademark for I ♥ DETROIT. Now before the Court is Plaintiff's second *ex parte* motion for alternative service which shall be granted. The court denied without prejudice Plaintiff's earlier filed motion for alternative service because Plaintiff had not attempted to serve Defendant Ricardo Copeland by certified mail at his residential address, 16481 E. Ten Mile Road, #8, Eastpointe, Michigan 48021, as permitted under the normal rules for service of process, and had only made one attempt to serve Defendant at his home address. Since the court's prior ruling, Plaintiff has attempted to serve Defendant by certified mail at his residential address, and has twice more attempted to serve Defendant in

- 1 -

person at that same address on June 27 and 29, 2019. According to the process server's affidavit, Plaintiff's residential address is an apartment and there was no answer when he buzzed from a locked common entryway. (Doc. 6-5). The process server left his name and number with a neighbor to give to Defendant for a call back. *Id.* Defendant has not responded.

Plaintiff also attempted on four occasions to personally serve Defendant at the address listed on Defendant's Trademark Registration, which is 1001 Woodward Avenue, Suite 500, Detroit, Michigan 48226. When attempting service at that location, the process server was informed that Defendant has not been there for months.

Plaintiff seeks leave for alternative service by the following means: (1) by first class mail to Defendant's current residential address, (2) by email to [thedetroitstore@gmail.com](thedetroitstore@gmail.com), and (3) by posting at Defendant's current residential address. Plaintiff also seeks an order to allow the Clerk to issue a second summons in this case to extend the time allowed for Plaintiff to effectuate service.

Service of a complaint filed in a federal court is proper by any method permitted for serving a complaint by the state in which the federal court sits. Fed. R. Civ. P. 4(e)(1). Under Michigan law, alternative service may only

be ordered upon "a showing that service of process cannot reasonably be made as provided" otherwise. Mich. Ct. R. 2.105(I)(1).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 410 Mich. 144, 159 (1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 168. Here, Plaintiff has demonstrated that service cannot be made as provided for under the Michigan Court Rules, as the process server made four attempts to serve Defendant at the 1001 Woodward Avenue, Suite 500, Detroit, Michigan 48226 location, three attempts to serve him at the 16481 E. Ten Mile Road, #8 Eastpointe, Michigan 48021 location, and by certified mail to that residential address. Under these circumstances, Plaintiff's motion for alternative service (Doc. 6) is GRANTED.

IT IS ORDERED that Plaintiff may serve Defendant by, (1) mailing a copy of the summons, complaint, along with any documents filed by the Plaintiff as of the date of mailing, and this order to 16481 E. Ten Mile Road, #8, Eastpointe, Michigan 48021, (2) by emailing same to [thedetroitstore@gmail.com](mailto:thedetroitstore@gmail.com), and (3) by posting same at 16481 E. Ten Mile Road, #8, Eastpointe, Michigan 48012.

Plaintiff also asks that this court order that a second summons be issued pursuant to Mich. Ct. R. 2.102(D). However, Federal Rule of Civil Procedure 4(m) controls here which does not require that a second summons be issued, but provides that the 90-day filing limit may be extended for good cause. Plaintiff has demonstrated good cause because service cannot reasonably be made in a manner set forth under Michigan law. Accordingly,

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 4(m), the time for service of the complaint and summons is extended for 90-days from the date of this order.

**IT IS SO ORDERED**.

Dated: July 25, 2019

>                s/George Caram Steeh
>                GEORGE CARAM STEEH
>                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 25, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk